UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MACRI, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:24-CV-01212 |
| v. | (SAPORITO, J.) |
| WRIGHT TOWNSHIP, et al., | |
| Defendants. | |

## MEMORANDUM

On June 28, 2024, the plaintiffs filed a complaint against the defendants in the Court of Common Pleas of Luzerne County. The plaintiffs' complaint stems from an event occurring on July 7, 2023, where the defendant police officers investigated the plaintiff John Macri's house for an underage drinking party. (Doc. 1). In their complaint, the plaintiffs allege various claims against the defendants: (1) defamation; (2) malicious prosecution; (3) false light; (4) invasion of privacy; (5) false imprisonment; (6) abuse of process; (7) civil conspiracy; (8) violation of civil rights based on search and seizure under the constitution of the Commonwealth of Pennsylvania; (9) violation of civil rights based on illegal interference of reputational rights under the constitution of the Commonwealth of Pennsylvania; (10) violation of the Fourteenth

Amendment of the United States Constitution; (11) bystander liability; and (12) *Monell* claims under 42 U.S.C. § 1983. (*Id.*).

On July 22, 2024, the defendant Wright Township timely filed a notice of removal (*Id.*) to this court alleging subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1367 (supplemental jurisdiction). Before the Court is the plaintiffs' motion to remand (Doc. 2) the case to the Court of Common Pleas of Luzerne County. The parties have fully briefed the issues and for the reasons set forth herein, we will grant the motion.

I. Background[1]

On July 7, 2023, the Pennsylvania State Police Criminal Intelligence Center, Harrisburg, PA, received two anonymous calls concerning an underage drinking party at the home of John and Nadine Macri, located at 140 Timberwood Drive, Wright Township, Mountain Top, PA. The Criminal Intelligence Center passed the calls to the Wright Township Police Department. Two police officers, David Winsock and Aaron Fromm, were dispatched to the residence of John and Nadine

---

[1] The included-facts are taken from the plaintiffs' complaint. (Doc. 1).

Macri. In addition, two police officers from the Rice Township Police Department, Brian Stout and Shaun Zane, and one officer from the Fairview Township Police Department, Charles Callahan, assisted the Wright Township police officers. The plaintiffs allege the police officers entered the property upon arrival at the Macri home and walked up to the driveway to look for evidence of an underage drinking party, despite a lack of evidence and without probable cause. The plaintiffs further allege that the officers encountered a locked fence on the property, and without a warrant, unlocked the fence and illegally entered the backyard. They additionally attempted to enter the backdoor of the Macri house without permission and without a warrant, until a resident came out of the house and refused the police officers' request.

    The plaintiffs, John and Nadine Macri, soon arrived home to their property where they allege that Officer Winsock demanded that the Macris allow the officers into their home to search for minors possessing or consuming alcohol. The Macris allege that after originally refusing to let the officers inside the house, they soon caved under severe threats and coercion by Officer Winsock, who threatened to illegally tow all the legally-parked cars on the street. Once inside, the plaintiffs allege the

officers forced their way downstairs into the basement, despite Nadine Macri telling them to "[c]all [the kids] from the top of the steps, do NOT go down there." (Doc. 1, ¶ 27).

Once downstairs, the plaintiffs assert that the officers illegally searched and seized eleven minors and additionally held them against their will for a prolonged period of time until they complied with the officers' request to provide their full names, home addresses, and phone numbers. Moreover, despite the officers finding no evidence of underage consumption or possession of alcohol, the plaintiffs allege that the officers tried to force all present minors to take breathalyzer tests. These actions resulted in charging eleven juveniles and one 18-year-old with the crime of underage purchase, consumption, possession, or transportation of liquor or malt or brewed beverages under 18 Pa. Cons. Stat. § 6308. All charges were eventually dismissed.

Finally, the plaintiffs allege that the defendants published a false press release on the Wright Township Police Department's Facebook page portraying the plaintiffs in a false light. The press release includes the statement: "an Officer immediately made contact with juveniles on the property who were under the influence of alcohol." (Doc. 1, ¶ 35). The

plaintiffs averred that the defendants knew there was no evidence of an underage drinking party or minors consuming, possessing, or purchasing any alcohol. The plaintiffs have sued as a direct and proximate result of the conduct of all the defendants. On July 22, 2024, the defendants filed a notice of removal maintaining that this court has federal question and supplemental jurisdiction under 28 U.S.C. §§ 1131 and 1367. (Doc. 1).

## II. Legal Standard

28 U.S.C. § 1441 governs the removal of a case to federal court. "[T]he burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir. 1996). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"Defendants must also establish that all pertinent procedural requirements for removal have been met." *Baldy v. First Niagara Pavilion, C.C.R.L, LLC,* 149 F. Supp. 3d 551, 555 (W.D. Pa. 2015) (quoting *A.R. v. Norris,* No. 3:15-CV-1780, 2015 WL 6951872 at *1 (M.D. Pa. Nov.

10, 2015)). Parties seeking removal of an action must file a notice of removal with the district court within thirty days after the receipt by the defendants, through service or otherwise, of the complaint upon the defendants. 28 U.S.C. § 1446(b)(1). When a case involves multiple defendants, "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." *Delalla v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011). "All defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent." *Dietz v. Avco Corp.*, 169 F. Supp. 3d 747, 756 (E.D. Pa. 2016). This action can take the form of: (1) clearly and unambiguously joining in the removing defendant's notice of removal; or (2) filing a separate written consent to removal with the court." *Leben v. Steiner Indus., Inc.*, No. 1:24-CV-01398, 2024 WL 4476648, at *3 (M.D. Pa. Oct. 11, 2024).

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." *Id.* (quoting *McGuire v. Safeware, Inc.,* No. CIV. A. 13-3746, 2013 WL 5272767, at *1 (E.D. Pa. Sept. 17, 2013)). "Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal

procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). However, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1446(a). A motion to remand based on an objection to a procedural defect in the removal process is clearly waived if not raised within the thirty-day period after the filing of the notice of removal. *See Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989) ("By remanding the case for procedural defects after the thirty day limit imposed by … Section 1447(c) had expired, the district court exceeded [its] statutory defined power."). Courts are without authority to expand this period. 28 U.S.C. § 1446(b).

### III. Discussion

The notice of removal and the motion to remand allege that the plaintiffs filed their complaint in the Court of Common Pleas of Luzerne County on June 28, 2024.[2] (Doc. 1, ¶ 1; Doc. 2, ¶ 2). The notice of removal further alleges that defendant Wright Township accepted service of the

---

[2] The docket does not reflect the actual date of filing in the state court. The time stamp appears to be located on the top right of the notice preceding the complaint and on page one of the complaint, but it is illegible. (Doc. 1-1, at 2–3).

complaint on July 2, 2024. (*Id.*). The subject motion to remand was filed by the plaintiffs on July 25, 2024. (Doc. 2). The remand motion asserted neither a lack of subject matter jurisdiction nor a procedural defect. Rather, the plaintiffs confined their reason to remand solely on the basis that the claims primarily involved state law issues and continuing the case in state court would enhance judicial efficiency and be more convenient to witnesses and parties.[3]

The plaintiffs' argument for remand as contained in their brief in support is two-fold. First, they argue that the defendants violated the "rule of unanimity" necessary for removal. (Doc. 8, at 4). In other words, they argue that the defendants have not unanimously joined or consented to the removal within the appropriate 30-day period. Second, the plaintiffs contend that even if the defendants satisfied the "rule of unanimity," the Court should still grant their motion based on (1) a predominance of state law claims within their complaint, (2) judicial efficiency and convenience, and (3) local interest and convenience. (*Id.* at 5–6). The defendants, in turn, contest that the plaintiffs waived their

---

[3] In their motion, the plaintiffs concede that there are no jurisdictional defects or procedural errors in the removal. (Doc. 2, ¶ 5).

procedural defect argument when they failed to mention it in their motion to remand. (Doc. 15). Moreover, they argue that their involvement within the case, both through the appearance of counsel and the drafting of motions to dismiss, constitute consent in defendant Wright Township's removal notice. (Doc. 12; Doc. 14).

### A. Rule of Unanimity

We first address the plaintiffs' argument that the defendants violated the "rule of unanimity." This issue was raised for the first time in the plaintiffs' brief in support of the motion to remand. *See* (Doc. 8, at 4–5). The defendants contend that this issue was waived because the motion concedes that there were no procedural defects which warrant remand. (Doc. 12, at 3; Doc. 14, at 7–8; Doc. 15, at 5–6). We note that the plaintiffs timely filed a motion to remand. In addition, the plaintiffs' brief was timely filed. Any matters raised in the plaintiffs' supporting brief have not been waived on the basis of failure to raise them in the earlier-filed motion. *See Javitz v. Luzerne County*, 616 F. Supp. 3d 394, 407 (M.D. Pa. 2022). As we stated above, each defendant must file a notice of removal, either by filing an individual written consent or clearly and unambiguously joining in another's notice, within thirty days of being

served.

First, we must differentiate Wright Township with the remaining defendants. The notice of removal alleges that the defendant Wright Township accepted service of the complaint on July 2, 2024. (Doc. 1). Once service had been initiated, the defendant had thirty days to file a notice of removal. In other words, Wright Township had until August 1, 2024, to file a notice of removal, which it did on July 22, 2024. The other defendants were required to either: (1) clearly and unambiguously join in Wright Township's notice of removal; or (2) file a separate written consent to removal with the court. None of the remaining defendants did so. Our analysis chiefly concerns whether the remaining defendants satisfied the rule of unanimity.

The docket does not reflect when service was made upon the remaining individuals. "[S]ervice may be waived[, however,] if the attorney … appears in court to represent the client's interests on the merits of a case." *Grusofski v. Speedway LLC*, No. CV 24-474, 2024 WL 3226859, at *4 (W.D. Pa. June 27, 2024). The record reflects that counsel entered an appearance for defendants Callahan, Stout, and Zane on July 26, 2024. (Doc. 4; Doc. 5). Moreover, the docket shows that on July 29,

2024, defendants Engler, Fromm, and Winsock, along with defendant Wright Township, filed a motion to dismiss the complaint. (Doc. 6). Defendant Callahan additionally filed a motion to dismiss with the Court that same date. (Doc. 7). Defendants Stout and Zane further filed a motion to dismiss on August 15, 2024. (Doc. 11). Nonetheless, regardless of whether service was made upon the individuals on the same date as Wright Township or whether the defendants' waived service due to their appearances in court, we find that the remaining defendants have failed to satisfy the rule of unanimity.[4]

To satisfy the rule of unanimity, the defendants must have either (1) clearly and unambiguously joined in the removing defendant's notice of removal; or (2) filed a separate written consent to removal with the court." *Leben*, 2024 WL 4476648, at *3. As stated above, only defendant Wright Township directly filed a notice of removal with the Court.

---

[4] We raise this point only because the docket is unclear when the remaining defendants were served, if at all, or if the defendants waived service through their counsel's appearances and actions with the court. We note that the 30-day timing concerning the rule of unanimity may be dependent on these facts. Whether the remaining defendants were served with Wright Township on July 2, 2024, or the defendants waived service as late as August 15, 2024, is not determinative as we find that they still failed to satisfy the procedural requirements necessary for the removal process.

Therefore, the remaining defendants must have clearly and unambiguously joined in Wright Township's removal to satisfy the "rule of unanimity," as none filed a separate written consent. Wright Township's notice, however, makes clear that no other defendants joined in on the notice once it was served on July 2, 2024, as it only identifies Wright Township; nowhere does it mention the other defendants Police Chief Roy Engler, Officer David Winsock, Officer Aaron Fromm, Officer Brian Stout, Officer Shaun Zane, or Officer Charles Callahan. (Doc. 1). The record therefore indicates that the remaining defendants have failed to jointly file a notice of removal.

The remaining defendants, however, attempt to bypass these removal requirements by arguing that their appearances through counsel and the filing of motions constitutes clear consent or joinder in Wright Township's motion. (Doc. 12; Doc. 14; Doc. 15). Inferences of consent do not reflect "clear or unambiguous" language. *See Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995). Courts have held that the "mere entry of appearance of a defendant's attorney or the mere filing of an answer or a motion to dismiss by that defendant in the federal court does not constitute consent." *Alejandro v. Philadelphia*

*Vision Ctr.*, 271 F. Supp. 3d 759, 761 (E.D. Pa. 2017) (quoting *McGuire*, 2013 WL 5272767, at *3). Moreover, statements that acknowledge removal actions in motions additionally do not reflect consent. *Id.* (finding that an "expression of no objection to an act of another party does not mean consent to or joinder in what that other party is doing."). Therefore, while the defendants' appearances in court and filing of motions may have been sufficient to waive service, these actions do not reflect clear consent or joinder to Wright Township's notice to remove.[5]

---

[5] The plaintiffs allege that defendants Wright Township, Engler, Winsock, and Fromm all filed a notice of removal with the Court on July 7, 2024. (Doc. 2, ¶ 4). This allegation was obviously an error as the notice of removal was filed on July 22, 2024. Indeed, defendants Engler, Winsock, and Fromm additionally note in their motion to dismiss with Wright Township that "*[d]efendants* removed the matter to this Court on July 22, 2024." (Doc. 6, ¶ 4). The record shows that only Wright Township filed a notice of removal with the Court. (Doc. 1). Moreover, the plaintiffs seem to retract that previous statement in their supporting brief having only identified Wright Township's notice of removal. (Doc. 8, at 3). Nonetheless, even if we accept that defendants Engler, Winsock, and Fromm all joined Wright Township's notice of removal, or filed their own notice of removal, the defendants still violate the rule of unanimity. We must only look to defendant Callahan, who was not expressly included in that same group of defendants that may have filed a notice of removal. Indeed, defendant Callahan acknowledges that "Wright Township *Co-Defendants*[,]" rather than himself, removed the matter to this Court. (Doc. 7, ¶ 2) (emphasis added). Thus, we are not persuaded that the rule of unanimity was followed or that it was waived.

### B. Deficiencies Concerning the Federal Rules of Civil Procedure

The defendants additionally argue that the plaintiffs' motion to remand has failed to comply with the Federal Rule of Civil Procedure 7(b). (Doc. 14). Specifically, they contend that a motion must "state *with particularity* the grounds for seeking [an] order." Fed. R. Civ. P. 7(b) (emphasis added). In this case, they argue that the plaintiffs failed to allege a procedural deficiency concerning the "rule of unanimity" in their motion and thus, the plaintiffs waived this defect. We disagree.

From a practical standpoint, the plaintiffs could not have included the rule of unanimity argument in their original motion to remand because the rule had not been violated at that time. Indeed, according to the plaintiffs, the defendants had thirty days to file a notice of removal after service of process on July 2, 2024. Wright Township filed its notice of removal on July 22, 2024. The plaintiffs filed their motion to remand on July 25, 2024. (Doc. 2). At that moment, the defendants still had time to cure the mandatory consent defect; they chose not to. It was not until the plaintiffs filed their brief in support, submitted on August 6, 2024, that the rule of unanimity had been violated and thus presented an issue. (Doc. 11). Therefore, we must consider the rule of unanimity argument

as set forth in the plaintiffs' supporting brief.

### C. Extension of Procedural Requirements

The defendants finally ask that the Court grant them an extension in the form of leave to amend to cure the procedural deficiencies in violation of the rule of unanimity. (Doc. 12; Doc. 14). As stated above, courts are without authority to extend the required 30-day period. 28 U.S.C. § 1446(b). The Court of Appeals for the Third Circuit has held, however, that the rule of unanimity may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time the removing defendants filed their petition. *Moore v. City of Philadelphia,* No. CIV. A. 12-3823, 2012 WL 3731818, at *3 (E.D. Pa. Aug. 29, 2012) (citing *Balazik v. Cnty of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995)). None of these exceptions apply to this matter. Therefore, the defendants' argument fails.

### IV. Conclusion

For these reasons, we find that the remaining defendants have failed to satisfy the rule of unanimity, and we are without authority to extend the required 30-day period for consent. Thus, we must grant the

plaintiffs' request to remand this matter to the Court of Common Pleas of Luzerne County. In light of our own analysis, it is not necessary to address the plaintiffs' remaining grounds for remand.

An appropriate order follows.


Dated: January 22, 2025  *s/Joseph F. Saporito, Jr.*
　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　United States District Judge